ROSS, Respondent, v. PARVIN, COHEN and HALL, Appellants.

No. 685; May 31, 1866.

**Public Lands—Title Under Certificate of Purchase—Collateral Inquiry.**—The holder of a certificate of purchase from the United States and in possession of the land for fourteen years under claim of right has a title that may not be inquired into in a suit in a state court for an injunction to stay waste.

**Injunction—Staying of Waste.**—A Mortgagee Under a Mortgage given by one of several land owners may have an injunction to stay waste as to only the land of the mortgagor.

**Injunction—Cutting Wood—Acts Already Committed.**—A bill filed to restrain the cutting of wood on mortgaged premises is to that extent without subject matter, if the wood has already been cut.

**Receiver—Insolvency.**—A Prayer for a Receiver, as to Wood Cut on Mortgaged premises, in a bill for an injunction to stay waste, is to be denied when it has not been shown that the defendants are insolvent.

APPEAL from Sixth Judicial District, Sacramento County.

Parvin, for value received, had, on the 11th of February, 1860, executed and delivered his note to Ross for two thousand five hundred dollars, and with it a mortgage as collateral security. This action was begun on the 28th of November, 1863, and at first was merely for a foreclosure of this mort-

gage, but the plaintiff filed a supplemental complaint, averring that Mitchell, McNally, Heath, Cohen and Hall were cutting wood on the mortgaged premises and carrying it away, with the connivance of Parvin, and praying for an injunction to restrain them. Mitchell, McNally and Heath, answering, admitted the cutting and carrying away, but alleged that Hall and Cohen had told them to do so, claiming to own the land the cutting was done on, and Hall and Cohen answered avowing this ownership. All the defendants, except Parvin, who defaulted, prayed that the temporary injunction be dissolved, but the court made a decree as prayed in the original and supplemental complaints, made the injunction permanent and appointed the sheriff receiver, "to take into his possession all wood now cut on said premises and dispose of the same at public auction or private sale . . . . and bring the proceeds into court to abide the further order of said court."

H. H. Hartley, for respondent; Coffroth & Spaulding for appellants.

SHAFTER, J.—The appellants, Cohen and Hall are strangers to the mortgage given by Parvin to the respondent. The lands claimed by them under certificates of purchase from the United States were not swamp and overflowed, but dry land fit for cultivation. On that point there was no conflict in the testimony. The certificates were produced and received in evidence, and the purchases were also proved, in effect, by Kerchival, the agent and witness of the plaintiff, and by the testimony of Cohen. From this it follows that the decree, in so far as it restrains the appellants from cutting wood and timber on their respective claims, is erroneous. Parvin had no title, so far as the record shows, that can be considered for a moment as paramount to theirs.

Further: the land covered by Cohen's certificate of purchase has been in his possession since 1852, under claim of right, and therefore his title can neither be determined nor investigated in this action: San Francisco v. Lawton, 18 Cal. 465, 79 Am. Dec. 187.

As to the decree in its relations to the cord-wood, it appears from the testimony of Parvin and Arnold that about forty cords were cut upon Cohen's claim, and there is no testimony

in the record to the contrary. The rights of the plaintiff under his mortgage do not, therefore, extend to this portion of the seventy cords ordered for sale into the hands of the receiver.

But further: conceding that Cohen had no interest in the lands on which the forty cords were cut, and that the cutting was by collusion with Parvin, still as the cutting was done, as appears by the uncontradicted testimony of Parvin, before the restraining order was made, and particularly as it does not appear that either Cohen or Parvin is insolvent, the wood was not liable to sequestration: Buckout v. Swift, 27 Cal. 433, 87 Am. Dec. 90.

The judgment, in so far as it acts upon the appellants Cohen and Hall, is reversed and a new trial ordered.

We concur: Sanderson, J.; Sawyer, J.; Currey, C. J.; Rhodes, J.